**James MCMAHEN, Plaintiff–Appellant,**

v.

**GAFFEY, INCORPORATED, Defendant–Appellee.**

**No. 01–5130.**

United States Court of Appeals, Tenth Circuit.

Oct. 25, 2002.

Mark L. Edwards, Stipe Law Firm, McAlester, OK, N. Donald Jenkins, Baker

& Jenkins PLLC, Alma, AR, for Plaintiff–Appellant.

David E. Strecker, Strecker & Associates, Tulsa, OK, James E. Erwin, Thompson Coburn, St. Louis, MO, for Defendant–Appellee.

Before KELLY and BALDOCK, Circuit Judges, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT*

BRORBY, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff James McMahen appeals the district court's order granting summary judgment in favor of his former employer, Gaffey, Incorporated, on his complaint alleging Gaffey terminated him in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (ADEA). Because we agree with the district court that McMahen failed to present evidence demonstrating a prima facie case of age discrimination, we affirm.

McMahen was an engineer with Gaffey, a manufacturer of overhead cranes and material handling systems. He was promoted to Engineering Manager in 1994. In 1998, Gaffey began a company-wide reorganization and reduction-in-force (RIF) under new management. Gaffey eliminated the position of Engineering Manager, reorganized the engineering group into three departments, and assigned McMa-

hen as the project engineer for the group responsible for the design and manufacture of custom cranes. Gaffey later decided to phase out production of custom cranes and focus its business on the production of standard cranes. It terminated McMahen in October 1998 as part of its RIF.

Because McMahen did not present direct evidence of age discrimination, his ADEA claim is analyzed under the method of proof outlined in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1137 (10th Cir.2000).

> This burden-shifting framework first requires plaintiffs to prove a prima facie case. To establish a prima facie case of age discrimination in the RIF context, a claimant affected by a RIF must prove: (1) the claimant is within the protected age group; (2) he or she was doing satisfactory work; (3) the claimant was discharged despite the adequacy of his or her work; and (4) there is some evidence the employer intended to discriminate against the claimant in reaching its RIF decision. The fourth element may be established through circumstantial evidence that the plaintiff was treated less favorably than younger employees during the RIF.

*Id.* (citations, quotations, and alteration omitted).

The district court ruled that McMahen did not present a prima facie case because he presented no evidence in support of the fourth element. McMahen contends he was treated less favorably than younger employees during the RIF because his job

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

responsibilities were taken over by a younger thirty-three year-old woman, Ginger Delaloye, who was not terminated in the RIF. *See Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1167 (10th Cir.1998) (stating "a plaintiff who is fired pursuant to a RIF and who held a similar position to a younger retained employee can satisfy the fourth element" of the prima facie case). The record does not support this conclusion.

First, there is no evidence that Delaloye was similarly situated to McMahen. She was a project engineer for semi-custom cranes, in contrast to McMahen, who was project engineer for the custom cranes. It is undisputed that McMahen's area of expertise and responsibility—custom cranes—was in the area Gaffey decided to shift away from during its reorganization. Second, there is no evidence Delaloye replaced McMahen after his termination. The undisputed evidence in the record indicates that the only job responsibility of McMahen's assumed by Delaloye was sizing beams, and that another employee, David Royse, carried McMahen's projects to completion.[1] Thus, the undisputed evidence demonstrates that McMahen's duties were eliminated or redistributed as part of Gaffey's reorganization and that he was replaced by no one. *See Lilley v. BTM Corp.,* 958 F.2d 746, 752 (6th Cir. 1992) ("Spreading the former duties of a terminated employee among the remaining employees does not constitute replacement.").

McMahen points to evidence in the record indicating that the chief executive officer of Gaffey's parent corporation discussed with Delaloye the possibility of her promotion to an engineering supervisor position one month prior to terminating McMahen. Gaffey presented undisputed evidence, however, that the position of Engineering Manager, previously held by McMahen, had been eliminated months earlier and that Delaloye was not promoted to any engineering supervisor position after McMahen's termination. We agree, therefore, with the district court's conclusion that McMahen failed to present evidence of a prima facie case of age discrimination.

McMahen also contends on appeal that the district court abused its discretion in denying his Fed.R.Civ.P. 59(e) motion, in which he attempted to introduce new evidence. "[W]e evaluate the district court's ruling on the Rule 59(e) motion for an abuse of discretion." *Comm. for First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir.1992). In order to supplement a Rule 59(e) motion with additional evidence, the movant must show either (1) that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, that counsel made a diligent yet unsuccessful attempt to discover the evidence. *Id.* McMahen has not satisfied this standard. His contention that the witness had not returned his counsel's phone calls does not demonstrate reasonable diligence sufficient to justify granting the Rule 59(e) motion. Accordingly, we find no abuse of discretion.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

---

1. The record does not reveal Royse's age, nor does McMahen allege Royse was a similarly situated employee treated more favorably during the RIF.